IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.  **CRIMINAL NO. 2:06-CR-48-KS-MTP**

**KHANH DUY NGUYEN**

## ORDER

This cause comes before the Court on the Supplemental Memorandum [61] filed by Khanh Duy Nguyen. The Government has responded [63], and Nguyen has filed a Reply [64]. Nguyen's request for reconsideration is now ripe for ruling.

### I.   BACKGROUND

Nguyen is currently serving a 60-month sentence for revocation of his supervised release. On October 20, 2020, the Court held a final revocation hearing, at which time Nguyen was sentenced to 60 months as to Count 2 and 1 month as to Count 3, to be served concurrently. The judgment also stated the defendant "shall receive credit for time served (327 days) in Louisiana 22nd Judicial district Court Docket No. 082-M-2020 and Docket No. 819-F-2020." [50] at p. 3. Upon release Nguyen is subject to a term of supervised release of 59 months. *Id*. He is projected to be released on February 11, 2025. [61-5] at p. 3.

On August 26, 2022, Nguyen filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(a). [51]. The Government did not respond to the motion, and the Court entered its Order denying the Motion for Compassionate Release on December 30, 2022. [55]. On January 12, 2023, Nguyen filed a motion for

reconsideration, which the Court granted, allowing Nguyen to file a renewed motion or a supplemental memorandum. [60].[1]

Nguyen continues to maintain that he is entitled to relief based on three grounds 1) risk of severe illness or death from Covid-19 due to underlying conditions, including asthma, obesity and history of life-long smoking; 2) the need to provide care for his mother after the death of his stepfather; and 3) the Court's stated intentions and language included in the Judgment on revocation, indicating the Court's intentions that he effectively be sentenced to 49 months imprisonment instead of 60 months.

In the Court's prior Order denying compassionate release, it fully addressed the first two grounds, and Nguyen has presented no additional evidence or argument as to the Court's finding in that regard. Rather Nguyen addresses specifically the sentencing factors set forth in 18 U.S.C. § 3553(a), which the Court had found did not weigh in favor of release; however, Nguyen more so focuses on the third ground regarding sentencing credits.

## II. DISCUSSION

Under 18 U.S.C. § 3582(c), a district court may not modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called "compassionate release" provision, which provides that,

---

[1] Nguyen was appointed a public defender after he filed his original motion, and in his request for reconsideration, Nguyen represented that he intended, through his new counsel, to file a reply to the Government's response. However, because the Government did not respond, and the Court denied the motion, Nguyen requested that his counsel be allowed to file a renewed motion or a supplemental memorandum. The Court granted the request, and Nguyen filed this Supplemental Memorandum, which the Court construes as a renewed motion.

after a defendant has exhausted his administrative remedies, a district court may reduce the term of imprisonment, after considering the after considering the section 3553(a) sentencing factors, if it finds "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Although Nguyen addresses the Section 3553 sentencing factors, and while the Court acknowledges and applauds his efforts at rehabilitation, the Court finds it need not revisit the issue because Nguyen has again failed to establish that extraordinary and compelling reasons warrant a sentence reduction.

Interestingly, in his supplemental memorandum, Nguyen is no longer requesting immediate release. Instead, he seeks only to reduce his current term by 11 months because the Court ordered in its judgment on revocation that the Defendant "shall receive credit for time served (327 days) in Louisiana 22nd Judicial District Court Docket No. 082-M- 2020 and Docket No. 0819-F-2020." [50] at p. 3. Nguyen argues that the judgment was meant to impose a term of imprisonment of sixty months, less 327 days, for an effective term of 49 months and three days claims, but because the BOP has not credited him for this time, he is subject to the full 60-month sentence according to BOP. [61] at p. 6.[2]  Nguyen asks the Court to effectively "right the ship."

In their response, the Government argues that Nguyen has not asserted a cognizable claim under Section 3582(c)(1)(A) because he cannot use a motion for compassionate release to challenge the legality or the duration of his sentence. [63]

---

[2] Nguyen has submitted the BOP's sentence computation as evidence. [61-5].

at p. 3 (citing *United States v. Escajeda*, 58 F.4th 184, 188 (5th Cir. 2023). The Court agrees that a compassionate release motion is not the appropriate vehicle in this case.

First, the situation in *Escajeda*, although not directly on point, is sufficiently analogous for this Court to find that Nguyen has not stated a cognizable claim under Section 3582(c)(1)(A). In that case, the defendant argued that his sentence exceeded the statutory maximum and that he received ineffective assistance of counsel. 58 F.4th at 187; The court found that these were "quintessential arguments for challenging the fact or duration of a prisoner's confinement under Chapter 153" and specifically held that "a prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence; such arguments can, and hence must, be raised under Chapter 153." *Id.*; *see also* 28 U.S.C. § 2255.

Here, Nguyen essentially argues that he is entitled to a 49-month sentence because that is in essence what the Court ordered and the BOP has not honored it. "[A] federal prisoner arguing that he is being or will be incarcerated longer than is authorized by law has only one available procedural mechanism for raising such a claim: a petition for a writ of habeas corpus under 28 U.S.C. § 2241." *United States v. Lawson*, No. CR 03-282-1 (JDB), 2022 WL 2663887, at *14 (D.D.C. July 11, 2022) (denying compassionate release for defendant who argued BOP's sentence computation was unfair and quoting *Dufur v. U.S. Parole Comm'n*, 314 F. Supp. 3d 10, 16 (D.D.C. 2018) ("[A] federal prisoner ... [must] bring his claim in habeas ... if success on the merits will necessarily imply the invalidity of confinement or shorten its duration.")). Other prisoners have pursued seeking a habeas writ under the same

4

circumstances here. *See, e.g.*, *Smith v. McConnell*, 950 F.3d 285 (5th Cir. 2020) (affirming district court's denial of habeas petition for BOP's failure to provide credit on sentence); *Rios v. Wiley*, 29 F. Supp. 2d 232, 232 (M.D. Pa. 1998) (contesting by way of § 2241 habeas petition the refusal of the BOP to grant 22-month credit on federal sentence for time spent in custody).

Moreover, a motion for compassionate release cannot circumvent the avenue of habeas corpus relief, whereby a prisoner must, as a general rule, exhaust his administrative remedies prior to presenting his claims in federal court. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Here, Nguyen asserts that the BOP has not credited the time spent in state custody. He does not represent that he has even addressed this issue with the BOP, which it appears he can pursue under 28 CFR §§ 542.10–542.16. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (noting that "[f]ederal regulations have afforded prisoners administrative review of the computation of their credits.").

In his reply, Nguyen relies on *United States v. Cooper*, wherein the Fifth Circuit held that a sentence reduction created by statute after a defendant has been sentenced, but which is not made retroactive to that defendant's sentence, can serve as extraordinary and compelling reasons to justify a sentence reduction. 996 F.3d 283, 289 (5th Cir. 2021). However, that is not the situation before us. There has been no sentence reduction created by law since Nguyen was sentenced, which would create the significant disparity present in *Cooper*, but an alleged failure of the BOP to give proper credit, which has long been its responsibility to calculate under 18

U.S.C. § 3585, which became effective in 1987 as part of the Sentencing Reform Act of 1984. *United States v. Dowling*, 962 F.2d 390, 392 (5th Cir. 1992); *see also Smith v. McConnell*, 950 F.3d 285, 288 (5th Cir. 2020) (noting that the "calculation of credit under § 3583(b) rests with the Attorney General (through the BOP), not with the court that imposed the sentence").

The bottom line is this Court did not impose a 49-month sentence, but a 60-month sentence because the Court, in actuality, is not authorized to grant or deny credits at sentencing. *See Smith*, 950 F.3d at 288 (citing *United States v. Binion*, 981 F.2d 1256 (5th Cir. 1992)). Any relief from not being credited for time served must come from the BOP. Thus, Nguyen must seek more appropriate, if not mandatory, channels to obtain such relief. A motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) is not it.[3]

## III. CONCLUSION

THEREFORE, it is HEREBY ORDERED that Khanh Duy Nguyen's Supplemental Memorandum, renewing his Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) [61] is DENIED.

SO ORDERED AND ADJUDGED this 17th day of April 2023.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[3] Nguyen requests alternatively, pursuant to Federal Rule of Criminal Procedure 36, that the Court correct the judgment due to a clerical error and amend the judgment to reflect imposition of a 49-month sentence. However, it was not simply a clerical error, and the Court declines to do so.